UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL No. 227 *et al.*, <br><br> *Plaintiffs*, <br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE, <br><br> *Defendant*, <br><br> and <br><br> NATIONAL CHICKEN COUNCIL, <br><br> *Defendant-Intervenor*. | Civil Action No. 20-2045 (TJK) |

## MEMORANDUM ORDER

Plaintiffs, five local labor unions and their affiliate international labor union challenge a waiver program adopted by Defendant United States Department of Agriculture. The program allows poultry processing plants that obtain a waiver to exceed the maximum line speed set by regulation. Plaintiffs argue that Defendant violated the Administrative Procedure Act because its decision to adopt the program without considering worker safety was arbitrary and capricious and because it violated notice and comment rulemaking procedures. The National Chicken Council, which has members that received line-speed waivers, intervened in support of Defendant and the waiver program. The Court previously denied Defendant's motion to dismiss for lack of standing. ECF No. 14.

Defendant has now moved to remand this matter so that it can reconsider the waiver program given the "Time-Limited Trials" it has implemented for swine slaughtering establishments in a similar context. The trials allow eligible swine slaughtering establishments to operate faster

line speeds—but also require those establishments to implement worker safety measures agreed to by workers' representatives and measure the effect of the faster line speed on workers. The National Chicken Council does not oppose remand, but Plaintiffs do. For the reasons explained below, the Court will grant Defendant's motion and remand for reconsideration.

## I. Legal Standard

Courts "have broad discretion to grant or deny an agency's motion to remand." *Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 436 (D.C. Cir. 2018). Usually, courts "grant an agency's motion to remand so long as the agency intends to take further action with respect to the original agency decision on review." *Id.* (cleaned up). "Voluntary remand is typically appropriate (i) when new evidence becomes available after an agency's original decision was rendered, or (ii) where intervening events outside of the agency's control may affect the validity of an agency's actions." *FBME Bank Ltd. v Lew*, 142 F. Supp. 3d 70, 73 (D.D.C. 2015) (cleaned up). "An agency may also 'request a remand (without confessing error) in order to reconsider its previous position.'" *Clark v. Perdue*, No. 19-cv-394 (JEB), 2019 WL 2476614, at *2 (D.D.C. June 13, 2019) (quoting *Util. Solid Waste*, 901 F.3d at 436). In reviewing such motions, courts should consider "whether remand would unduly prejudice the non-moving party" and "if the agency's request appears to be frivolous or made in bad faith." *Id.* (cleaned up).

## II. Analysis

The Court finds that Defendant's reason for requesting remand is reasonable and legitimate, and nothing suggests that it is frivolous or made in bad faith. And any prejudice that may accrue to Plaintiffs is not undue, all things considered. Thus, remand is appropriate.

To begin with, Defendant offers a reasonable, legitimate reason for reconsidering the line-speed waiver program. Defendant has committed to reconsidering the program if remand is

granted. *See* ECF No. 26-2 ¶¶ 11–12 (Declaration of Administrator of Department of Agriculture's Food Safety and Inspection Service). As explained, it seeks to do so based on the "Time-Limited Trials" it has established for swine slaughter establishments, which require an agreement with workers' representatives and that the establishment collect data on the effect of line speeds on workers. *Id.* ¶¶ 10–11. True, as Plaintiffs point out, Defendant has not confessed error or admitted that the line-speed waiver program is improper. *See* ECF No. 28 at 7. But an agency need not "confess error or impropriety in order to obtain a voluntary remand." *Limnia, Inc. v. U.S. Dep't of Energy*, 857 F.3d 379, 387 (D.C. Cir. 2017). It only needs to "profess intention to reconsider, re-review, or modify the original agency decision that is the subject of the legal challenge," *id.*, as Defendant has done here, ECF No. 26-2 at 11 ("[The Department] intends to reconsider the . . . line speed waivers that are currently in operation."). In fact, Defendant's reconsideration could moot this entire case. As it explains, it could decide "to terminate the existing line-speed waivers. Alternatively, [it] could approve modified waivers subject to labor-management worker safety agreements." ECF No. 26 at 15.

Nothing suggests that these are unrealistic outcomes if the Court grants remand, or that Defendant's motion was frivolous or made in bad faith. Plaintiffs suggest that the timing of Defendant's motion hints at something untoward, pointing out that the court decision that precipitated the "Time-Limited Trials" for swine slaughtering establishments was issued in March 2021. ECF No. 28 at 18. But all in all, the timing of events here does not reflect bad faith. Defendant is not looking to reconsider the line-speed waiver because of the court decision itself. Rather, it is revisiting the waivers because, following that decision, it successfully implemented the "Time-Limited Trials," and those trials took seven months of "extensive coordination" between several different agencies to develop. *See* ECF No. 26-2 ¶ 12. In the end, Defendant told the other parties that it

3

intended to seek a remand before the trials became public. *See* ECF No. 21; *see also Constituent Update*, U.S. Dep't of Agriculture (Nov. 12, 2021), *available at* https://www.fsis.usda.gov/news-events/news-press-releases/constituent-update-november-12-2021. And Defendant officially moved for voluntary remand just 11 days after the trials were announced. ECF No. 26.

That said, remand is not cost-free. Defendant represents that it "hopes to complete its review [of the line-speed waivers] within six months," but it could take longer. ECF No. 26 at 15. That means that Plaintiffs' members will be subject to line speeds they claim are unsafe for at least six more months. And even if Defendant makes a final decision at or before the six-month mark, if Defendant decides to keep the line-speed waivers as-is, then remand would have delayed resolution of Plaintiffs' claims during that time without bringing them closer to resolution.

Still, the Court finds that remand would not *unduly* prejudice Plaintiffs. At this point, the Court is unlikely to decide a motion for summary judgment any sooner, and of course the motion might not be resolved in Plaintiffs' favor. Even if the Court granted such a motion, the Court could remand without vacatur, leaving the waivers in place. *See Allina Health Servs. v. Sebelius*, 746 F.3d 1102, 1110–11 (D.C. Cir. 2014) (detailing the considerations for vacating an agency action). And even if it granted Plaintiffs' motion and remanded with vacatur, it could stay vacatur, given the reliance interests at stake. *See United Food & Com. Workers Union, Local No. 663 v. U.S. Dep't Ag.*, 532 F. Supp. 3d 741, 749 (D. Minn. 2021) (staying order and entry of judgment for 90 days). In other words, even if the Court eventually granted summary judgment for Plaintiffs, their members would likely be subject to the faster line speeds for longer than the six months at stake here. Meanwhile, on remand, Defendant may address Plaintiffs' concerns about line speeds, and it may well address those concerns faster than the Court.

Finally, even Defendant agrees that this Court should retain jurisdiction, which will help ensure a timely remand process. The Court will order Defendant to provide status reports 90 and 150 days from the date of this Order, which will "ensure that the agency is actively working to reconsider its line-speed waiver program." ECF No. 28 at 20. And if following the 150-day status report it does not appear that Defendant's reconsideration will be completed in 6 months, the Court will entertain a request from Plaintiffs to set a summary judgment briefing schedule.

### III. Conclusion and Order

For all the above reasons, the Court hereby **ORDERS** that Defendant's motion, ECF No. 26, is **GRANTED**. It is further **ORDERED** that this case is **REMANDED** to the Department of Agriculture, and this case is **STAYED** during this remand. In addition, Defendant shall provide the Court reports of the status of its reconsideration of the waiver program 90 and 150 days from the date of this Order. The latter report shall inform the Court whether reconsideration will likely be complete within six months of the date of this Order.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: January 31, 2022